FILED IN CHAMBERS
THOMAS W. THRASH JR
U.S.D.C. Atlanta

MAR 9 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JAMES EDWARD THOMPSON, IV, | : |
| Plaintiff, | : PRISONER CIVIL RIGHTS |
| | : 42 U.S.C. § 1983 |
| v. | : |
| | : CIVIL ACTION NO. |
| | : 1:06-CV-461-TWT |
| PHIL WILEY; ROBERT T. CLINE; PAIGE PARKER THOMPSON, | : |
| Defendants. | : |

## ORDER AND OPINION

Plaintiff has submitted the instant civil rights action and seeks leave to proceed without prepayment of the $250.00 filing fee, other fees or security therefor, pursuant to 28 U.S.C. § 1915(a). Plaintiff, however, is prohibited from doing so by Subsection (g) of 28 U.S.C. § 1915.

According to Subsection (g) of 28 U.S.C. § 1915, a prisoner is prohibited from bringing a civil action in federal court in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

AO 72A
(Rev.8/82)

relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The records of the Clerk of the Court indicate that Plaintiff has filed at least three complaints in this Court that were dismissed prior to service of process as frivolous pursuant to 28 U.S.C. § 1915.[1] Plaintiff's prior prisoner complaints before this Court that were dismissed as frivolous include the following: Thompson v. State of Georgia, et al., Civil Action No. 1:05-CV-468-WBH; Thompson v. Porter, et al., Civil Action No. 1:05-CV-1634-WBH; Thompson v. Gwinnett County, 1:05-CV-1937-TWT. Furthermore, this Court finds no indication that Plaintiff is "under imminent danger of serious physical injury." Accordingly, leave for Plaintiff to proceed in forma pauperis is hereby **DENIED.**

According to the Eleventh Circuit, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of § 1915(g). The prisoner . . . must pay the filing fee at the time he initiates the suit." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). See also Simmons v. Zloch, No.

---

[1] The Court notes that all of Plaintiff's previous cases involve similar allegations arising from the same events as in the instant action.

2

04-16321, 2005 WL 2952352 at *2 (11th Cir. Nov. 7, 2005) (citing to <u>Dupree</u> and affirming denial of <u>in forma pauperis</u> motion and dismissing complaint pursuant to § 1915(g) because there was no evidence that the plaintiff paid the filing fee at the time he initiated suit or that he was in imminent danger of serious physical injury).

**IT IS THEREFORE ORDERED** that the instant action is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 9 day of March, 2006.

_Thomas W. Thrash_
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

3